# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

TONYA GORDON SMITH

VERSUS

JANET SIMMONS
SUPERINT[E]NDENT AND
CUSTODIAN OF RECORDS FOR THE
RECREATION AND PARKS
COMMISSION OF BATON ROUGE
PARISH

NO.  2026 CW 0570

**JULY 27, 2026**

---

In Re:    Janet Simmons, Superintendent and Custodian of Records
          for the Recreation and Parks Commission for the Parish
          of East Baton Rouge, applying for supervisory writs,
          19th Judicial District Court, Parish of East Baton
          Rouge, No. 769956.

---

BEFORE:    PENZATO, GREENE, AND FIELDS, JJ.

     **WRIT GRANTED.** The portion of the trial court's April 27,
2026 judgment granting the motion for new trial filed by
plaintiff, Tonya Gordon Smith, is reversed. When a motion for
new trial is filed, it is the mover's burden to prove to the
trial court she is entitled to a new trial. **Jackson v. Wise,**
2017-1062 (La. App. 1st Cir. 4/13/18), 249 So.3d 845, 856, writ
denied, 2018-0785 (La. 9/21/18), 252 So.3d 914. To meet her
burden of proof on a motion for new trial based on La. Code Civ.
P. art. 1972(2), the mover must show that the newly discovered
evidence (1) is not merely cumulative; (2) would tend to change
the result of the case; (3) was discovered after trial; and (4)
could not, with due diligence, have been obtained before or
during trial. **Thomas v. Comfort Ctr. of Monroe, LA, Inc.,** 2010-
0494 (La. App. 1st Cir. 10/29/10), 48 So.3d 1228, 1240. When a
motion for new trial is based on La. Code Civ. P. art. 1972(2)
and (3), the allegations of fact therein shall be verified by
the affidavit of the applicant. La. Code Civ. P. art. 1975; see
**Charpentier v. Louisiana Land & Expl. Co.,** 415 So.2d 452 (La.
App. 1st Cir. 1982); see also **Flowers v. Tasker,** 2024-0690 (La.
App. 1st Cir. 2/28/25), 407 So.3d 927, 947. Accordingly, we find
the trial court abused its discretion in granting the motion
because plaintiff failed to verify the allegations of fact in
the motion by affidavit, and at the hearing, plaintiff failed to
show the evidence she asserted was newly discovered would tend
to change the result in the case. Therefore, the motion for new
trial filed by Tonya Gordon Smith is denied.

                              **AHP**
                              **HG**
                              **WEF**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
   FOR THE COURT